IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA    \*
                                     \*
                                     \*       Criminal Action Nos.

     v.                               \*       1:18-cr-36-ELR
                                     \*
                                     \*       Civil Action No.

TIMOTHY LAMAR THOMAS      \*       1:24-CV-4173-ELR
                                     \*
                                     \*

_____

**O R D E R**

_____

This case comes before the Court on Defendant Timothy Thompson's "Motion for Reduction of Sentence Under §3582(c)(2)" ("§3582 motion") [Doc. 116] and Defendant's "Motion to Correct Sentence Under §28 U.S.C. § 2255 (f)(2)" [Doc. 120]. For the following reasons, the Court denies both motions.

In his motion §3582, Defendant asks this Court to vacate his Armed Career Criminal Act ("ACCA") sentence on grounds that his Georgia aggravated assault convictions are no longer valid predicates after the Supreme Court decision in <u>Borden v. United States</u>, 593 U.S. 420 (2021), which held that a criminal offense that requires only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the ACCA. §3582, however, does not allow this Court to vacate Defendant's sentence or to revisit his designation as an Armed Career

Criminal. Instead, a post-conviction motion attacking a conviction or sentence is solely cognizable under §28 U.S.C. §2255. McCarthan v. Dir. Of Goodwill Indus.-Suncoast, 851 F.3d 1076, 1081 (11th Cir. 2017). The Court therefore denies Defendant's request made pursuant to §3582(c)(2).

The Court turns next to Defendant's §2255 motion, which also is due to be denied. As Magistrate Judge Justin S. Anand correctly found in his Report and Recommendation ("R&R") on Defendant's §2255 motion (to which Defendant did not object, and the Court having conducted a de novo review, adopts), Defendant waived his right to challenge his sentence because during Defendant's February 20, 2020 plea before the undersigned, Defendant acknowledged in open court his understanding that part of his negotiated plea agreement included giving up his right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255. [Docs. 46, 46-1 at ¶ 30.]

As Judge Anand also correctly found, Defendant's claim that his conviction and sentence should be vacated based on the Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024), which held that a jury must determine beyond a reasonable doubt, or that a defendant freely admit in a guilty plea, that a defendant's prior offenses were committed on separate occasions for ACCA purposes, is procedurally defaulted by Defendant's failure to raise it on direct appeal.

2

See <u>Hill v. United States</u>, 569 F. App'x 646, 647 (11th Cir. 2014) (per curiam); see also <u>Black v. United States</u>, 373 F.3d 1140, 1142 (11th Cir. 2004) ("Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. §2255 challenge.") Defendant has not demonstrated cause or prejudice to overcome this procedural default by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence. See <u>Hill</u>, 569 F. App'x at 648. Defendant, therefore, is not entitled to relief.

In sum, the Court finds that Defendant's arguments fail, and he is not entitled to relief based on his §2255 motion. The Court further declines to issue a certificate of appealability because after considering 28 U.S.C. § 2253(c)(2), the Court finds that Defendant has not made a substantial showing of the denial of a constitutional right.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's "Motion for Reduction of Sentence Under §3582(c)(2)" [Doc. 116]. Additionally, the Court **ADOPTS** the R&R [Doc. 123] as the opinion of this Court. For the reasons stated in the R&R, the Court **DENIES** Petitioner's § 2255 Motion [Doc. 120]. Finally, the Court **DECLINES** to issue a certificate of appealability because after considering 28 U.S.C. § 2253(c)(2), the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The Court **DIRECTS** the Clerk to **CLOSE** the

civil case associated with Petitioner's § 2255 Motion: Civil Action No.No. 1:24-cv-4173-ELR.

**SO ORDERED**, this 20th day of April, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia